## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| **v.** | : |
| **PATRICIA WHITE** | : |

**Criminal No. 1:25 CR 00123**

## PATRICIA WHITE's SENTENCING MEMORANDUM and DOWNWARD VARIANCE

PATRICIA WHITE, by and through undersigned counsel, Jeremy-Evan Alva, Esq., respectfully submits this sentencing Memorandum for this Court's consideration at sentencing, scheduled for a date to be determined.

## I.    INTRODUCTION

PATRICIA WHITE (hereinafter, Ms. White) comes before Your Honor with humility and introspection in her heart and a positive outlook for the future, but also a firm understanding of the ramifications of her actions that bring us here today.

Ms. White lived most of her life without committing any crimes and did not wake up one morning deciding to become a convicted felon. Ms. White is a loving sister, who in "helping out" her brother, put herself in a situation which she deeply regrets. A horrible decision that will follow her wherever she goes, for she will now be known as a Felon.

Ms. WHITE is a productive citizen in her community. She is a respected realtor who loves to ride horses in her free time. When she is not working or riding, she is the loving mother to 2 adult daughters and in a committed relationship for decades since the divorce of her late husband.

Ms. White accepts full responsibility for her actions and prays for a sentence that will allow her to stay home and be the productive member of her community, which she has always been. Ms. White understands that her love for her brother should never outweigh her civic duty to be a law-abiding citizen.

## II.    PATRICIA WHITE's Sentencing Statement

Ms. White provides the following personal statement for inclusion in this Sentencing Memorandum that is being filed on her behalf:

Thank you for taking the time to read this.

I am in a very difficult time in my life. I have plead guilty to a felony charge that has changed the entire course of my life. I dreamt that I was in a forest of trees as a trio of three were uprooted and what was left was a gaping hole in the ground. That is the course of events that has happened to me

I am in a program of recovery that encourages me to look at my part always in times of despair, resentments and fear. This has been so very hard for me.

I have taken care of my brother for the last 14 years, before him, it was my mother. I have always been the caregiver in the family.

Sonny has resided in the lower apartment of m y home. We lead very separate lives and I am careful not to become agitated when he is argumentative. He has a strong personality and ca be aggressive verbally when challenged.

While we worked together, his life was entirely separate from mine.

I would take him to his various appointments, including his banking, which we did together. We had a joint banking account as I had had some financial issues in years prior.

During covid, when he was taking money from various companies, I had a daughter who was in trouble. She was experiencing both mental and addiction issues as well as legal troubles. I showed up for her when she needed me, which was often. I went to court with her 37 times over the course of her troubles.

I did not pay close enough attention to my brother's actions. I should have opened my eyes wider and told someone. I should have confronted him. I did not and continued to accept his bad behavior and deposited those checks. I should have stopped myself from helping him. I should have stayed away from his actions, but I didn't and for that I accept my actions.

This was a big mistake, a very bad decision, for which I will pay dearly. It has already begun.

I am truly sorry and I will do everything to make restitution. I accept full responsibility for my actions.

I thank you for your time.

Sincerely,

PATRICIA WHITE

## III.    The Post-*Booker* Sentencing Framework

Since the United States Supreme Court's decision in <u>Booker v. United States</u>, District Courts are not bound by the sentencing guidelines, but must consider them when tailoring an appropriate sentence. 543 U.S. 220, 264 (2005). <u>But see</u> <u>Rita v. United States</u>, 551 U.S. 38 (2007) (according presumption of reasonableness to sentencing decision

within guideline ranges). Thus, under the Booker decision, courts should treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a).

The ultimate goal of the sentencing process is that a court "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" by the statute. Id. at § 3553(a). Those purposes are:

> (A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B)     to afford adequate deterrence to criminal conduct;
>
> (C)     to protect the public from further crimes of the defendant; and
>
> (D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. . . .

Id. at § 3353(a)(2)(A) – (D). In reaching those goals, the factors that District Courts should consider are the nature and circumstances of the offense and the history and characteristics of the defendant, id. at § 3553(a)(1), the need for the sentence imposed, id. at § 3553(a)(2), the kinds of sentences available, id. at § 3553(a)(3), the sentencing ranges, id. at § 3553(a)(4), policy statements issued by the sentencing commission, id. at 3553(a)(5), the need to avoid unwarranted sentence disparities, id. at § 3553(a)(6), and the need to provide restitution to victims of the offense, id. at § 3553(a)(7).

Under 18 U.S.C. § 3582(a), in determining whether and to what extent to imprisonment is appropriate for a particular offender, the judge is required to "recognize that imprisonment is not an appropriate means of promoting correction and rehabilitation." (emphasis added). But see United States v. Duran, 37 F.3d 557, 561 n.3 (9th Cir. 1994) ("Once imprisonment is selected as the means of punishment, the district court may consider the length of imprisonment necessary to complete a particular prison program."). Finally, "[n]o limitation shall be placed on the information concerning the background,

character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.[1] Thus, "a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." United States v. Tucker, 404 U.S. 443, 446 (1972).

To assist District Courts in Pennsylvania, New Jersey and Delaware, and the Virgin Islands, the United States Court of Appeals for the Third Circuit has adopted a three-step process for district courts to follow when sentencing a defendant:

(1)     calculate the applicable Guidelines range;

(2)     formally rule on any departure motions; and

(3)     exercise its discretion in applying the factors set forth in 18 U.S.C. § 3553(a).

See, e.g., United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006).


**IV.     Relevant Federal Sentencing Guideline Ranges**

Ms. White has no objection with the Offense Level Computation contained in the Presentence Investigation Report ("PSR) prepared by the United States Probation Office, including a base offense level of 6, an upward adjustment of 14 levels due to the amount of loss, plus more levels for there were 10 or more victims, with an agreed upon 2 level reduction due to Ms. White's minor participation for an adjusted offense level of 20. Ms. White then receives a 3 point reduction for acceptance of responsibility pursuant to United

---

[1] For this reason, some information is included that the Sentencing Commission would deem to be irrelevant. It is Ms. Diaz's position that this statute is controlling, and notwithstanding Guidelines to the contrary, there is no limit to the information this court may consider.

States Sentencing Guidelines[2] ("U.S.S.G.") § 3E1.1 (a), and a further 2 point reduction for meeting the criteria of USSG § 4C1.1 which results in an adjusted offense level of 15.

Counsel believes that the Government, at the time of sentencing, make a motion for a 5K1.1, which will further reduce Ms. White's offense level. Counsel believes than that the sentencing range for Ms. White will be 9-12 months.

It is said best by Michael A. Wolff, Judge of the Supreme Court of Missouri, who has stated, "Prison, it hardly needs to be said, should be reserved for those whom we really are afraid of, not those we are mad at." *Lock 'Em Up and Throw Away the Key? Cutting Recidivism by Analyzing Sentencing Outcomes*, FED. SENTENCING REPORTER, Vol. 20, No. 5, p. 320, 321 (2008). A sentence in accordance with the plea agreement serves the interests of justice, the interests and wellbeing of society, and will allow Ms. White to be adequately rehabilitated to move on to the next phase of his life as a law abiding, productive member of society.

Furthermore, the attached letters from family, friends and members of the community demonstrates Ms. White's positive impact on others and her ability to be rehabilitated. The letter from the people listed below, are collectively attached hereto as Exhibit "A":

1.    Sara Wilson

2.    Julianne Ward

3.    William Common

4.    John Drinkwater

---

[2] Unless otherwise noted, all citations to the United States Sentencing Guidelines refer to the November 1, 2010 *Guidelines Manual*. See U.S.S.G. § 1B1.11(a) ("The court shall use the Guidelines Manual in effect of the date that the defendant is sentenced.").

5.    Dr. Kane Ramsey

6.    Florence Boogaerts

7.    Roddy Boyd

8.    Toni Devita

## VI.    Request for Variance

Ms. White has cooperated with the authorities about her brother and his actions. She has agreed to testify/cooperate against him in any state court, federal court and any investigation as to his criminal actions.

Ms. White agreed that she is responsible to pay back a substantial amount of money in restitution, $1,208.271.40, which she is joint and severally liable for. If she is sentenced to non-confinement then she will be able to make the victims whole much faster. As stated previously, Ms. White has legitimate verifiable employment that will enable her to pay the restitution. A custodial sentence will delay the payment of restitution, nor is the community safer with Ms. White in custody.

Counsel, respectfully reserves the right to make more arguments for a sentencing variance based on 18 U.S.C. §3553(1) during his argument.


## VII.    Conclusion

In thinking about Mr. White's culpability in this case, it *is* easy to assume that she turned a blind eye, so she could reap the benefits of her brother's criminal actions. It is Counsel's viewpoint that Ms. White was and is a very good person who allowed her brother to take advantage of Ms. White and the financial/family struggles she was going through. Ms. White had the freewill to turn her brother down, but due to her personal issues and

"love" for her brother, allowed hersrlf to make a horrible decision; facilitating her brother's fraud.

Therefore, Ms. White respectfully requests that this Honorable Court impose a sentence, which will enable her the rehabilitation she is capable of and the opportunity to support her family and be a productive member of society.

Respectfully submitted,

Date: 11/18/25

*/s/ Jeremy-Evan Alva*
Jeremy-Evan Alva, Esq.
Alva & Moscow, LLC
Counsel for PATRICIA WHITE
3 Bala Plaza East, Suite 120
Bala Cynwyd, PA 19004
Tel.: 215.665.1695
Fax: 215.665.0183
E-mail: jalva@alvafirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | **Criminal No. 1:22 CR 00141** |
| **PATRICIA WHITE** | : | |
| | : | |
| | : | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing is being served upon the following:

Anita Eve, Esq.
615 Chestnut St., Suite 1250
Philadelphia, PA 19106
215.861.8412
anita.eve@usdoj.gov
(via e-mail)

Officer Mark Corpora
U.S. Probation Officer
600 Arch St., Suite 2400
Philadelphia, PA 19106
Mark_Corpora@paep.uscourts.gov
(via e-mail)

Date: 11/18/25

*/s/ Jeremy-Evan Alva*___
Jeremy-Evan Alva, Esq.
Alva, Foster, & Moscow, LLC
Counsel for PATRICIA WHITE
3 Bala Plaza East, Suite 120
Bala Cynwyd, PA 19004
Tel.: 215.665.1695
Fax: 215.665.0183
E-mail: jalva@alvafirm.com

Exhibit 'A'

July 24, 2025

To the Honorable Judge Karoline Mehalchick

Your Honor,

I am writing to you regarding my friend, Patricia W., whom I have known for seven years. It is both a privilege and an honor to offer my thoughts on their character as you consider matters before the court.

I have come to know Patricia through Alcoholics Anonymous, and during this time, I have been consistently impressed by her integrity, compassion, and sense of responsibility. Patricia is someone who approaches life with honesty, treats others with respect, and goes out of their way to be supportive to colleagues, friends, and family.

Throughout the years, I have witnessed Patricia display a strong work ethic and a willingness to help those in need. For example, Patricia has mentored me and helped me rebuild my life from the ground up. Her actions have had a positive impact not just on my life, but on many others in our community. Patricia's wonderful abilities and work with horses and animals is important to mention; and it has been beautiful to behold.

I have watched Patricia navigate this challenging situation with grace and dignity. While I do not seek to minimize the seriousness of the situation, I believe wholeheartedly in Patricia's capacity for growth, reflection, and positive contribution to society. She has always accepted responsibility for her actions and has expressed genuine remorse and a desire to make amends.

I hope you will consider this letter as a testament to Patricia's character. I have every confidence that, given the opportunity, she will continue to demonstrate the integrity and kindness that I have seen over many years.

Thank you for your time and consideration.

Respectfully,

Sara A. Wilson

29 Creamery Lane Apt 1

Ridgefield, CT 06877

303-919-1406

saraannewils@msn.com

Julianne C. Ward
359 Waterfowl Road
Bluffton, SC 29910

M: 203 231-1064
E: juliannecward7@gmail.com

September 12, 2025

Honorable Karoline Mehalchick
United States District Court
Middle District of Pennsylvania

RE:  Patricia (Pat) White

Dear Judge Mehalchick:

I write to you in connection with the current circumstances of Patricia White intending
to offer you a brief summary of my firsthand personal experience and history with Pat.

I am 60 years old and lived in Greenwich, Connecticut from 1987 until June 2021 when
my husband and I moved to Bluffton, South Carolina for semi-retirement.  We still live
in Bluffton, South Carolina.

I hold a B.S. in accounting from Marist College in Poughkeepsie NY.  I worked as an
accountant until I switch careers in 1988 to be a real estate agent.   Shortly, after becoming a
real estate salesperson, I met a delightful, tall, red head.  She was pleasant and straight
forward.  Her name was Pat White.  She was a pleasure to work with and we always got the
deal done.  Through the years Pat and I worked for competing real estate offices and during
that time I was lucky enough to work with Pat quite a few times.  Through our work, we
forged a lasting relationship both professionally and personally.  That relationship remains
intact today.  In the last 10 years or so, we worked for the same real estate office and have
partnered together. She has always been fair, trustworthy, honest and a hard worker.   Real
estate is a tough business.  Trustworthiness is an important trait to have.

I have never met anyone who does not respect and like Pat.  Pat also has many loyal
clients and friends.  My opinion is that Pat is well known and liked in the  Greenwich
community.

In the past 35 plus years, I have known Pat as a real estate professional, a partner to
Tony, her husband, and a wonderful mother to her daughters. I loved listening to stories
about the girls and Tony.  Pat is always the first person to volunteer her time and efforts
for anyone and anything  She is kind, patient and caring.

Pat has a soft spot for older clients.  She was always running errands, caring for their

1

pets and just visiting with them. Pat was giving of her time. Pat also has a love of animals especially horses.  She is very happy when caring for them. I have never known her to look for compensation when helping anyone. She was just happy to help.

I understand that Pat has pled guilty to conspiracy to commit fraud. While I do not excuse the conduct, I believe it is out of character for Pat. I have spoken to Pat and she has expressed genuine remorse and has taken steps towards rehabilitation and personal growth.

I respectfully ask that you take into consideration Pat's character, positive contributions, a life time of kindness and good acts towards others and potential for rehabilitation when determining sentencing.  I truly believe she has much to offer her family and community in the future.

Respectfully Submitted,

Julianne C. Ward

2

William Common
4 Holly Way
Cos Cob, CT 06807

August 4, 2025

To The Honorable Karolina Mehalchick,

I have known Pat White for over 16 years now and have interacted with her in several different capacities. These include business, social interactions and through community volunteering and outreach.

During these many years I have witnessed Pat's dedication and commitment to helping others in need, selflessly, often ahead of her own needs.

Furthermore, Pat has overcome many personal challenges with integrity and without complaining or taking on the victim role. She has accepted many hardships that life has thrown at her with dignity and grace. Pat truly exemplifies selflessness.

I have always known Pat to do the right thing with complete honesty and transparency. Simply put, Pat is a woman of great integrity and I have full faith that she will continue to lead her life as she has done all the years we've known each other.

I would humbly ask that the Judge and court take this character reference into consideration when reviewing the case and outcome for Pat White.

Best Regards,

Bill Common

July 29, 2025


John F Drinkwater
41 Long Meadow Road
Riverside, Ct 06878
203-249-3289
jfdrinkwater@gmail,com

Dear Honorable Karoline Mehalchick,

I am writing in support of my friend Patricia White who I have had the good fortune to have known for over 12 years. Throughout those years I have seen nothing but countless acts of kindness, compassion, and support for everyone who has met her and needed her help.
The devotion to her daughters, especially one daughter who struggles with addiction and anger issues, and family in times of crisis that I have witnessed is truly inspirational. Pat has always been present at numerous court appearances and interviews to get help for that daughter in particular and advocate for her to get the help that she needs and an opportunity to recover.

The person I know loves animals and is always available to help rescue strays and give her time to nurse them back to health, and if need be, take them in and care for them. Her deep insight of love of horses has her rising early in the morning and returning in the afternoon to take care of a barn to pay for the boarding of the love of her life Poet who passed away recently.
She still goes every day to care for her friends' horses and again is always on call for any help she can give them. I can attest that no matter the time or weather conditions she can always be counted on to lend assistance and guidance'

In her real estate transactions, I personally know many clients who are appreciative of her knowledge and professionalism and her ability to "work across the aisle" to achieve fair and equitable solutions to problems for all parties.

I have 40 years of continuous sobriety and have done volunteer work in many of the State of Connecticut prisons and jails as well as in numerous psychiatric institutions and detoxes, Pat has been in my home group for the 10 years that I have known her. She is indeed a power of example to all of us, whether we are peers in recovery, sponsees, new comers, of giving of one's time and energy unselfishly to those in need. Personally, I am grateful for her friendship, she has never let me down when called upon to do service for someone;

I hope you will consider all the good she has done for our community in your judgement.


Sincerely

John F Drinkwater

John F. Drinkwater



**Lowcountry Periodontics & Dental Implants**

Lee E. Oppenheimer, DDS
Kane W. Ramsey, DMD, MSD
Daniel J. Brockway, DMD, MS

September 2, 2025

Your Honor,

I am writing this letter to provide a character reference for my mother, Patricia Ann White, who is appearing before your court. As her eldest daughter, I have had the opportunity to observe her character, values, and actions throughout my life. I feel compelled to share what I know about the underlying circumstances that have led to her current situation she faces.

My mother is a person of deep compassion and generosity; qualities that unfortunately made her vulnerable to exploitation. Her caregiving nature has been repeatedly demonstrated throughout her life. Prior to taking care of my uncle, she also cared for her mother until her death. My grandmother lived in our home for 12 plus years and suffered from Bipolar Disorder until she eventually succumbed to Alzheimer Disease. My mother also cared for her brother Bobby White, after he was diagnosed with ALS and required assistance navigating his affairs and end of life care. In regards to my Uncle Sonny White, my mother opened her home to him when he could no longer care for himself following an amputation of his right leg. These decisions exemplify her lifelong pattern of putting family needs above her own comfort and resources.

During the time my uncle lived in her home, my mother provided him with daily care, assistance with his medical needs, and emotional support during his recovery. She believed she was helping a family member rebuild his life after a devastating medical event. Her trust in him was complete and, regrettably, misplaced.

My mother's involvement in the financial scheme was entirely unknowing. She is a trusting person who tends to see the best in people, particularly family members. When my uncle told her about his contracting business activities, she had no reason to doubt him or investigate the source of his income. Her trusting nature, while admirable in many contexts, made her an easy target for someone willing to exploit her goodwill. Unfortunately, my uncle has also conned other family members including my grandfather, and my other uncle Kenneth White, when they shared a home inspection business together. This pattern of deceptive behavior demonstrates that my mother was not his only victim within our family.

Throughout her life, my mother has demonstrated honesty, integrity, and a strong moral compass. She has been sober and an active member of Alcoholics Anonymous for 15 years. She mentors others in recovery and attends AA meetings daily, showing her commitment to personal growth and helping others. Her generous spirit extends beyond family - she is always the first person to give to those in need, even when she does not have the funds to do so. This selfless nature further demonstrates her character and explains how she could be so easily exploited by someone she trusted.

Coming from a humble working-class background, my mother always worked multiple jobs in order to provide for three children. Even with these financial pressures, she has consistently found ways to give back to her community. She was actively involved with rescue horses and worked as a riding instructor for children with disabilities to help these vulnerable children experience the therapeutic benefits of horseback riding. She has also fostered animals ranging from



**Lowcountry Periodontics & Dental Implants**

Lee E. Oppenheimer, DDS
Kane W. Ramsey, DMD, MSD
Daniel J. Brockway, DMD, MS

September 2, 2025

stray cats, to dogs after their caretakers entered assisted living. These examples exemplify her lifelong commitment to help those who need care and support.

Your Honor, my mother has never been involved in any criminal activity and has always conducted herself as a law-abiding citizen. The current situation is entirely out of character for her and represents a betrayal of her trust by someone she was trying to help.

I respectfully ask the court to consider my mother's character, her lack of criminal intent, and the circumstances that led to her unwitting involvement in this matter. She is genuinely remorseful about the situation and has been devastated to learn that her trust was exploited in service of illegal activity.

Thank you for your time and consideration.

Respectfully,

Kane W. Ramsey, DMD, MSD
*Board Certified In Periodontics and Implant Dentistry*

Florence Boogaerts

4 Lafayette Court

Greenwich Connecticut 06830


Dear Honorable Karoline Mehalchick,

I am writing to you on behalf of my friend of 14 years, Pat White.

To my knowledge she has never done anything purposefully harmful to any man or the many beasts she has cared for. She kindly provided dinner for her brother and worked with him in real estate but would never have participated in anything illegal with him.

She has been a loyal friend to many and as I have witnessed a devoted mother.

In all the years I have known her and shared her joys and concerns she has been admirable.


Yours truly


Florence Boogaerts

August 29, 2025

To the Hon. Karoline Mehalchick,

My name is Roddy Boyd, and I write on behalf of Patricia A. White in the matter of USA v White et al.

As an investigative reporter who writes about corporate fraud, where several of my investigations have been instrumental in prompting high-profile federal and state enforcement actions, I have listened to and read many pre-sentencing testimonials. I hadn't supposed I would ever write one.

Today, however, I am proud to write as a private citizen.

First, I acknowledge that all Americans are accountable for their actions before the law. Further, I trust that Pat's judgment was sound in publicly recognizing her error, that her counsel ably represented her interests, and that you oversaw this process fairly.

To that end, this note will convey my impressions on an aspect of Pat's life that is definitionally opaque: Her work within the fellowship of Alcoholics Anonymous. (I am a recovering alcoholic blessed with over 24 years of continuous sobriety.)

Pat entered Alcoholics Anonymous on September 24, 2011, and has become a vocal and beloved member of a large AA meeting in Greenwich, CT.

More than most of her fellow meeting attendees, I have seen her invest time and energy to share AA's message of hope and recovery with those women who are attempting to conquer their addiction. (In AA, our tradition is that men work with men, and women with women.)

I have observed Pat cheerfully sacrifice hundreds of hours annually from her personal and professional life to work with sick and suffering "newcomer" women.

While AA holds that service with a newcomer is a key component of maintaining our own recovery, it is often hard, thankless work.

And "hundreds of hours" is quite likely an understatement. I've personally seen Pat regularly meeting with women before and after her daily AA meetings, talking with them in coffee shops, in diners, and walking with them in a local park.

Crucially, Pat isn't just a sympathetic ear – she is both an instructor and a role model for these women.

In all the meetings referenced above, Pat instructs the newly sober woman through AA's 12 Steps. I'll summarize the 12 steps as a program of action and spiritual development that helps the alcoholic stay sober by acknowledging their addiction, clearing away the wreckage of their past, taking daily right actions to live in peace and serve others, and finally, to carry this message to others with this disease.

Just as importantly, for many women in our group, Pat is a role model in using the 12 steps to navigate the real acid test of recovery: The rigors of daily living. She has shown us that you can experience the joy of family and meaningful relationships without alcohol, but also that you can remain sober and helpful to others even through the most complicated things, like death and illness.

My hope in having illuminated the barest outline of what Pat does for alcoholics is to suggest that her work has a meaningfully positive effect on society. Her efforts have helped contribute to people staying alive, returning to gainful employment, restoring families, and living lawfully, at peace with others.

While I speak only for myself, I don't think our group will serve at-risk women as effectively without Pat.

Please consider this account as you weigh her sentence.

Respectfully,

Roddy Boyd

Mamaroneck, N.Y.

Cell: 917-514-3897, Email: RSBoyd@Protonmail.com

Toni DeVita
Toni.b.devita@gmail.com
(203) 249-9147
18 Havemeyer Lane
Old Greenwich, CT 06870

To the Honorable Karoline Mehalchick,

My name is Toni DeVita. I am writing this letter on behalf of my mother, Patricia White. For 34 years I have had the privilege of being both her daughter and a close friend. I wish to offer my perspective on her character to depict a more complete picture of her life and to convey the remarkable woman I believe her to be.

My mother endured a highly traumatic childhood that many people would not have recovered from. Her own mother was a volatile manic depressive (now called Bipolar I) and her father was a rageful alcoholic. We speak openly about the circumstances of her childhood which I would personally characterize as chaotic, unsafe, and frightening. My mother often assumed the role of caretaker in her youth and subsequently her adult life. When no one else in her family would step up, she took in her mother whom she cared for until the day she died. Her resilience and compassion are something I personally strive for in my own life.

My mother did not emerge from her childhood completely unscathed. She struggled with alcohol for many years which I admit was a difficult time in our relationship. She got sober on my birthday 14 years ago and thus began the healing process. Sobriety has been an amazing thing for my mother; she attends daily Alcoholics Anonymous meetings and has several women whom she sponsors. True to her caring nature, she is a huge source of support and guidance for these women. Regarding my own life, my mother is a source of unwavering support. I consider her a close friend and confidant. Someone I can turn to for strength, honesty, and knowledge. Despite everything she has endured, she has an openness and a light about her that few people possess. She gives of herself freely without expectation or judgement.

It is my belief that Patricia has not only transformed her own life but also broken the cycle of generational trauma in our family. She has become a role model of perseverance, kindness, and service to others. Whether it is the woman she sponsors, her family, or the stray animals she rescues she is a huge source of comfort and guidance. To me, and many others, my mother is a very important presence in our lives.

Thank you for taking the time to consider my perspective. Please feel free to reach out to me with any questions.

Sincerely,

*Toni B. DeVita*

Toni B. DeVita